IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TEXARKANA DIVISION

| | | |
|---|---|---|
| BENJAMIN ROARK | § | |
| v. | § | CIVIL ACTION NO. 5:12cv60 |
| INDIVIDUALS OF THE FEDERAL BUREAU OF PRISONS, ET AL. | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
ON PLAINTIFF'S MOTION FOR INJUNCTIVE RELIEF

The Plaintiff Benjamin Roark filed this civil action complaining of alleged violations of his rights. This Court ordered that the matter be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Roark has filed a motion for a temporary restraining order or preliminary injunction asking the Court to order that he be provided with a medically appropriate course of treatment for his right arm and an appropriate course of dental treatment. He also asks the Court to order prison officials to ensure "basic sustenance and service" to facilitate his use of his right arm and hand, permitting him to pursue normal life functions and ensure meaningful access to the courts. Roark goes on to request that the Court order an examination by a qualified orthopedic specialist, direct that all cells be provided with functional tables, and mandate that the prison population at the Federal Correctional Institution in Texarkana be reduced to no more than 100 percent of the facility's rated capacity.

After review of the pleadings, the Magistrate Judge issued a Report recommending the Plaintiff's motion for injunctive relief be denied. The Magistrate Judge observed that the relief sought by Roark in his motion was generally co-extensive with the relief sought in his complaint and

stated Roark could not short-circuit the normal processes of litigation by trying his case through a motion for injunctive relief. The Magistrate Judge also concluded Roark was seeking a mandatory injunction but did not show the facts and law clearly favored his request for such relief and Roark did not show the proposed injunctive relief would serve the public interest.

Roark filed objections to the Report of the Magistrate Judge on April 4, 2013. After acknowledging one aspect of his requested injunctive relief is now moot because he has received dental molds, Roark argues he has no adequate remedy at law because he has been seeking medical and dental care since 2007 and no award of damages could adequately protect him against "current / future violations / acts / omissions." He contends he is not asking the Court to "enmesh itself" into the operations of the prison, but only seeks restoration of "the correct status quo."

Next, Roark argues injunctive relief is the only means by which violations of the Rehabilitation Act may be corrected. He believes that surgical correction of his hand and arm is possible and argues that keeping him "more disabled than necessary" is a violation of the Act.

Roark asserts he has been told since 2005 that a project to install uniform secured tables in the living areas would be forthcoming, but some areas of the unit do not have them, which he asserts is discriminatory. He states Rehabilitation Act violations have been going on at the unit for so long that injunctive relief is the only remedy.

Roark further complains about the overcrowding and asserts the Supreme Court decision in Brown v. Plata, 131 S.Ct. 1910 (2011) concerning the prison system of the State of California, should apply to the federal prisons because it is "the law of the land." He asks the Court to grant the relief he seeks, including appropriate medical and dental care, access to tables for every unit within the prison, a reduction in prison population so as to effect adequate health care, adequate medical staffing, and an order directing his return to C Dorm.

Roark's objections are without merit. The requested relief at the conclusion of his objections makes clear he is seeking relief which is essentially co-extensive with his lawsuit, as the Magistrate Judge determined. The Fifth Circuit has observed that injunctive relief in the form of

2

"superintending federal injunctive decrees directing state officials" is an extraordinary remedy, which should not be granted unless the party seeking it has "clearly carried the burden of persuasion on all four elements." Morrow v. Harwell, 768 F.2d 619, 627 (5th Cir. 1985); PCI Transportation Inc. v. Fort Worth & Western Railroad Co., 418 F.3d 535, 545 (5th Cir. 2005). These four elements include: (1) the substantial likelihood that the moving party will prevail on the merits; (2) a substantial threat that the moving party will suffer irreparable injury if the injunction is not granted; (3) the threatened injury outweighs the threatened harm the injunction may do to the non-movant; and (4) the granting of the preliminary injunction will not deserve the public interest. Libertarian Party of Texas v. Fainter, 741 F.2d 728, 729 (5th Cir. 1984); see Rule 65(b), Fed. R. Civ. P. Roark has not clearly carried his burden of persuasion as to all four elements, nor can he adjudicate the underlying claims in his case through the vehicle of a motion for injunctive relief.

Furthermore, the Prison Litigation Reform Act imposes additional restrictions on the ability of the federal courts to grant injunctive relief with respect to prison conditions. Specifically, such relief may not extend further than necessary to correct the violations of a federal right of a particular plaintiff or plaintiffs, and an order granting prospective relief or a preliminary injunction must be narrowly drawn, extend no further than necessary to correct the harm, and be the least intrusive means necessary to correct that harm. The court must also give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the granting of such relief and shall respect the principles of comity where state or local law is concerned. 18 U.S.C. §3626(a). Roark has not shown the injunctive relief which he seeks falls within the framework of permissible relief under the Prison Litigation Reform Act.

The Court has conducted a careful *de novo* review of the pleadings in this cause, the Report of the Magistrate Judge, and the Plaintiff's objections thereto. Upon such *de novo* review, the Court has determined the Report of the Magistrate Judge is correct and the Plaintiff's objections are without merit. It is accordingly

ORDERED that the Plaintiff's objections are overruled and the Report of the Magistrate Judge (docket no. 18) is hereby ADOPTED as the opinion of the District Court. It is further

ORDERED that the Plaintiff's motion for a temporary restraining order or preliminary injunction (docket no. 12) is hereby DENIED.

**It is SO ORDERED.**

**SIGNED this 15th day of May, 2013.**

MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE